**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RICHARD JEROME SMITH,**

   **Plaintiff,**

v.             Case No:  6:16-cv-772-Orl-37DAB

**HISTORY OF OLA MAE MADDOX, et al.,**

   **Defendants.**
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1).  Plaintiff is incarcerated at the Brevard County Jail and proceeding *pro se.*  Plaintiff has not paid the filing fee or filed a motion to proceed *in forma pauperis* in this action.  For the reasons stated herein, the Complaint will be dismissed.

### I.  LEGAL STANDARD

Pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable.  On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

 (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II.   ANALYSIS

Plaintiff has brought his case against several Defendants and alleges that his constitutional rights were violated. (Doc. 1 at 4). However, Plaintiff's allegations are virtually unintelligible, as the Court is unable to discern the basis upon which Plaintiff claims entitlement to relief under section 1983. *See Toliver v. California Department of Corrections*, No. C00-3501 CRB (PR), 2000 WL 1456950, at *1 (N.D. Cal. September 28, 2000) ("A claim or complaint that is totally incomprehensible may be dismissed as frivolous because it is without an arguable basis in law.").

In fact, Plaintiff's allegations are insufficient to state a cause of action under section 1983. Nowhere does Plaintiff assert identifiable causes of action or make coherent factual allegations that could give rise to a valid cause of action. It is virtually impossible to ascertain whom he is seeking relief from or what relief he is seeking. Consequently, because Plaintiff's action lacks an arguable basis in law, it is dismissed as frivolous.

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. The Clerk of the Court is directed to enter judgment in favor of Defendants and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 9th, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrlP-2 5/9